IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,            ) Case No. WDQ-CR-02-143
                                     )
         Plaintiff-Respondent,       )
                                     )
    vs.                              )
                                     )
TROY K. TURNAGE,                     )
                                     )
         Defendant-Movant.           )

MOTION FOR MODIFICATION
OF AN IMPOSED TERM OF 18 U.S.C.S. & 3582(c)(2)

Movant, Troy K. Turnage pro se, respectfully requests this Honorable Court to modify and reduce his sentence based on a sentencing range that has subsequently been lowered by the U.S. Sentencing Commission pursuant to 28 U.S.C.S. § 994(o). In support thereof, Movant submits the following statement of facts and procedural history:

On February 12, 2002, Movant was named in an indictment issuing from a federal grand jury in the Northern District of Maryland. Movant was charged with: Count1, Distribution and Possession with Intent to Distribute in Excess of 50 Grams of Cocaine Base in violation of 21 U.S.C.S.§ 841(b)(1)(A)(i). On December 11, 2002 Turnage came before the Court for sentencing. The Court imposed a sentence of 135 months imprisonment followed by a 3 year term of Supervised Release.

I. JURISDICTION

This Court possesses the authority to modify and reduce Movant's Sentence Pursuant to Title 18 U.S.C.S. § 3582(c)(2), as it provides:

In the case of movant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C.S. § 994(o), upon motion of the Movant or the Director of the Bureau of Prisons, or on its own motion, the Court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission 18 U.S.C.S. § 3582.

In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a movant eligible for consideration under 18 U.S.C.S. § 3582(c)(2), the Court should consider the term of imprisonment that it would have imposed had the Amendments to the Guidelines listed in subsection (c) been in effect at the time the Movant was sentenced. 18 U.S.S.G. § 1B1.10 (b) commentary.

Thus this Honorable Court does indeed posses the power to reduce Movant's sentence to the Guideline range applicable to him, commensurate with the Amendments, after first considering the factors in 18 U.S.C.S. § 3553(a), and issue a new sentence under the now advisory Guidelines.

## II. AMENDMENT 706 AS IT RELATES TO MOVANT

On April 27, 2007, The United States Sentencing Commission promulgated an Amendment to U.S.C.G. § 2D1.1 [Amendment 706] (Unlawful Manufacturing, Importing, Exporting or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy) to adjust the quantity thresholds for crack cocaine ("cocaine base") so that the base offense level for cocaine base, as determined by the Drug Quantity Table, will be reduced by two levels. The Commission imposed its final report and Impact Analysis on October 3, 2007, that includes eligibility for the proposed amendment. A case has to meet the following criteria:

(A) Crack cocaine was involved in the offense;
(B) The base offense level was not level 43;
(C) The base offense level was greater than level 12;
(D) The quantity of crack cocaine involved in the offense was less than 4,500 grams;
(F) The offender's final offense level was not derived from the career offender or armed career offender guideline; and
(G) The offender's original sentence was greater than any applicable statutory mandatory minimum punishment pursuant to the statutory safety valve of 18 U.S.C.S. § 3553(f) or the offender received a departure under § 5K1.1 for substantial assistance when originally sentenced. Turnage's case does indeed meet all of these requirements.

Turnage's base level currently falls at level 33. However, application of Amendment 706 pertaining to ("cocaine base") would reduce this level by two, placing him at a new base level of 31. Moreover, the central case for sentences relating to cocaine base and the advisory Guidelines in the Third Circuit is now United States V. Gunter, 2006 Lexis 23143, and (3rd Circuit September 11, 2006). Ultimately, the Court found that District Court erred in its computation of Gunter's sentence. The Third Circuit re-affirmed its post-Booker sentencing process, United States V. King, 454 F. 3d 187 (3rd Circuit 2006) finding that sentencing courts must, among other things, exercise its discretion by considering the relevant § 3553 (a) factors. The Court ruled that, "In effect, the District Court treated the crack cocaine Sentencing Guidelines as mandatory and not advisory." The Third Circuit went on to state that "while Congress designed the 100:1 ratio to operate at the minimum and maximum poles of the mandatory statutory sentencing ranges, it was the Commission that incorporated the ratio root and branch into its calculation of every cocaine offender's Guideline Sentencing range…" 433 F.3d 55.

Thus, considering Movant's sentence and the advisory Guidelines, the Court must fully exercise its discretion and the relevant 3553(a) factors

2

pertaining to the advisory crack cocaine Sentencing Guidelines, because while the statutory minimum drug trafficking penalty in 21 U.S.C.S. § 841(b) is mandatory, the above-the-statutory minimum Guideline ranges for drug trafficking penalties are not, after Booker.

As such, Amendment 706 provides Movant with a new Guideline range of 108-135 months (Base Offense Level 31 and Criminal History category I).

### III. TITLE 18 U.S.C.S. § 3553(A) As it RELATES to MOVANT'S SENTENCE

According to the language of § 3582(c)(2), when a District Court fashions a new sentence with an Amendment by the Commission, it must also consider factors under 3553(a). Very different from Guidelines factors, the § 3553(a) factors include a movant's history and characteristics, rehabilitation, disadvantaged upbringing, substance addiction, age, family responsibilities and many other personal factors.

Case law states the holding in United States V. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), must be applied to a movant who receives a new sentence through a § 3582(c)(2) motion. In United States V. Hicks, 472 F.3d 1167 (9th Cir. 2007), the Circuit held that, because Booker means that mandatory Guideline sentences can no longer exist in any context, the Booker ruling and the advisory Guideline practice must apply to any new sentence that results from a § 3582(c)(2) motion. The Circuit stated that "while § 3582(c)(2) proceedings do not constitute full resentencing, while limited in certain respects, still results in the Judge calculating a new Guideline range, considering the § 3553(a) factors, and issuing a new sentence based on the Guidelines…Booker exercised the statute that made the Guidelines mandatory and rejected the argument that the statute that made the Guidelines mandatory and rejected the argument that the Guidelines might remain mandatory in some cases but not in others. Mandatory Guidelines no longer exist, in this context or any other." Id. 1171-1172.

One of the many important elements of subsection 3553(a) that pertains to Movant is provided in section (2)(D) which states:

The Court, in determining the particular sentence to be imposed, shall consider the need to provide the movant with needed educational or vocational training…or other correctional treatment in the most effective manner. 18 U.S.C.S. § 3553(a)(2)(D).

Since his initial sentencing appearance, Turnage has been rehabilitating himself and has been taking advantage of programs while incarcerated in the Bureau of Prisons. He has zealously pursued a life changing course of rehabilitating himself by working in the Federal Prison Industries UNICOR, participating in Parenting Programs, Public Speaking, Finance, Business, Economics, Stock Analysis, Legal Research, and Religious Discipleship Programs among other things. See Exhibit A. He has even obtained the privilege to reside at a Federal Prison Camp where he is able to participate in community related programs because of his good conduct. These post-conviction rehabilitation efforts can be fully considered by the

District Court when imposing a sentence. See Sally V. United States, 116F.3d 76 (3rd Cir. 1997); and U.S. v. Rudolph 190 F.3d 720 (6th Cir. 1999).

Thus considering the factors enumerated in § 3553(a) which include Movant's rehabilitation efforts, family responsibility efforts, drug program participation, and other personal factors, the Court, fully exercising its discretion, has the authority to impose a sentence to the statutory minimum of 10 years imprisonment (which would include his eligibility for the safety valve pursuant to § 3553(f) and be within the Amended Guideline range under the advisory Guidelines.

## IV. CONCLUSION

Wherefore, Movant respectfully implores this Court to fully exercise its authority and modify his sentence pursuant to the foregoing Amendments. Movant is not challenging or attacking the legality of his conviction. He is only presenting the Amendments as it relates to his new advisory Guideline range. In doing so, Movant further requests that the Court considers a resentencing, as the purpose of a new sentence resulting from a § 3582 (c)(2) motion still results in the calculation of a new Guideline range, consideration of the § 3553 (a) factors, and issuing a new sentence based on the advisory Guidelines. United States V. Hicks, supra.

Respectfully submitted,

_____
Troy K. Turnage
Pro se Movant
Reg. No. 40274-037
Federal Prison Camp
PO Box 1000
Loretto, PA 15940

## CERTIFICATE OF SERVICE

I hereby certify that (3) three true and accurate copies of the foregoing Motion for Modification of an imposed Term of Imprisonment pursuant to 18 U.S.C.S. § 3582 (c) (2) was served this <u>25</u> day of <u>February</u>, 2008, by regular U.S. mail with sufficient postage affixed to the Clerk of Courts, U.S. District Court for the Northern District of Baltimore, Maryland, 6625 United States Courthouse, 101 West Lombard Street, Baltimore, Maryland, 21201, and one copy to Phillip Jackson, AUSA, Office of the United States Attorney, 6625 United States Courthouse, 101 West Lombard Street, Baltimore, Maryland, 21201.

I certify that this document was given to prison officials on February 29, 2008, for forwarding to the aforementioned address. I certify under the penalty of perjury that the foregoing is true and correct. 28 U.S.C. Sec. 1746.

*Troy K. Turnage*
Troy K. Turnage
Petitioner pro se
#40274-037
FPC Loretto, P.O. Box 1000
Loretto, PA. 15940