**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
NORTHERN DIVISION
TOWER II, SUITE 1100
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201-2705
TEL: (410) 962-3962
FAX: (410) 962-0872

JAMES WYDA                                                        DENISE C. BARRETT
FEDERAL PUBLIC DEFENDER                              ASSISTANT FEDERAL PUBLIC DEFENDER

<u>Via Hand-delivery</u>

August 11, 2008

**Crack Reduction        Reply to Government's Response to Motion for Reduction of Sentence**

The Honorable William D. Quarles, Jr.
United States District Judge
United States Courthouse
101 W. Lombard Street
Chambers 3A
Baltimore, Maryland 21201

        Re:    *United States v. Troy Kevin Turnage*
               No. S-02-143

Dear Judge Quarles:

        Please accept and docket this letter as a reply to the government's response to motion for reduction of sentence.

        Although U.S. Probation has submitted a report indicating that the Court may reduce Mr. Turnage's sentence from 135 months to 108 months, the government claims that the reduction should be limited to 120 months because Mr. Turnage is "serving a statutory penalty of not less than 120 months."

        The government's response overlooks how the safety-valve provision of U.S.S.G. § 5C1.2 operates in a case like this one. As reflected in the plea agreement and presentence report in this case, Mr. Turnage satisfied the criteria for a two level safety-valve adjustment under U.S.S.G. § 5C1.2 ("Limitation on Applicability of Statutory Minimum Sentence in Certain Cases"). Section 5C1.2 directs that the "court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory mandatory minimum sentence" upon a finding that the defendant meets the criteria of 18 U.S.C. § 3553(f). Here, Judge Smalkin followed 5C1.2 and the agreement of the parties by giving Mr. Turnage an additional 2 level reduction.

        That the 2 level 5C1.2 reduction only took Mr. Turnage to 135 months at his original sentencing does not negate the operation of 5C1.2 in calculating Mr. Turnage's guideline range

The Honorable William D. Quarles, Jr.
August 11, 2008
Page two _____

under U.S.S.G. § 1B1.10.  Under U.S.S.G. § 1B1.10 and the crack amendments, Mr. Turner's base offense level is 36 and his criminal history I.  With a 3 level reduction for acceptance of responsibility and a 2 level reduction under § 5C1.2, his new range is 108 to 135 months.  Both U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f) permit the Court to go below the 120 month mandatory minimum and sentence Mr. Turnage to 108 months.

I am happy to provide the Court with whatever additional information I can in resolving this matter.

Very truly yours

/s/

Denise C. Barrett
Assistant Federal Public Defender

Enclosures

DCB/kdw

cc:    Barbara Sale, AUSA
       Estelle Santana, USPO
       Troy Turnage
       Court file